**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION – TOLEDO**

| | | |
|---|---|---|
| DANIEL HANNIGAN, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | TRIAL BY JURY |
| v. | ) | DEMANDED |
| | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| a corporation. | ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES the Plaintiff, DANIEL HANNIGAN, by his attorneys, DUNN HARRINGTON LLC, and complaining of Defendant, CSX TRANSPORTATION, INC. ("CSXT"), states as follows:

1. Jurisdiction of this Court as to Plaintiff, DANIEL HANNIGAN, and Defendant CSXT, is invoked under the provision of Title U.S.C. Sec. 56 and Title 28 U.S.C. Sec. 1331.

2. The Defendant, CSXT, was at all times relevant to this cause of action a corporation engaged in operating a railroad as a common carrier engaged in interstate commerce between various states of the United States, including the Northern District of Ohio.

3. Venue for this cause of action exists in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. Sec. 1391(b).

4.	At all times alleged herein, Plaintiff DANIEL HANNIGAN was employed as a conductor and switchman for Defendant, CSXT, and his duties were in furtherance of interstate commerce.

5.	At the time and place aforesaid, both Plaintiff, DANIEL HANNIGAN, and Defendant, CSXT, were subject to an Act of Congress commonly known as the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60.

6.	On or about November 18, 2019, Plaintiff was assigned to work as a conductor with locomotive engineer, Donnie Imboden, to take a train from North Baltimore, Ohio to Columbus, Ohio.

7.	On or about November 18, 2019, Plaintiff attempted to operate a handbrake on a railcar of his outbound train to release the brake so the train could depart the yard. As he attempted to operate said handbrake, the handbrake would not release in the normal and customary manner.  As a result of the handbrake not working, Plaintiff called a yardmaster to ask that a member from Defendant's mechanical or car department in North Baltimore, Ohio come inspect and either fix the appliance or allow him to remove the car from his outbound train.

8.	In response to Plaintiff's request for assistance, Defendant did not have a mechanical or car department employee come inspect the appliance but instead sent an employee of a different craft within the yard in North Baltimore, Ohio to attempt to release the handbrake outside of the presence of Plaintiff. Eventually, Plaintiff and his engineer were told the handbrake was released and their train could depart.

9.	On November 18, 2019, upon arrival in Columbus, Ohio, Plaintiff was required to operate the same handbrake he had previously reported as being inoperative

while leaving North Baltimore, Ohio. At this time, the handbrake again failed to operate in its normal and customary manner causing Plaintiff's arm to come off the brake and strike his railcar. Due to the incident, Plaintiff sustained personal injury to his body, including but not limited to his arm, elbow, shoulder and neck rendering him permanently disabled from returning to his craft as a conductor.

10. At the time and place aforesaid, Plaintiff was acting within the scope of his employment in furtherance of CSXT's business.

11. At the time and place aforesaid, it was Defendant CSXT's duty to Plaintiff to exercise ordinary care to provide Plaintiff with a reasonably safe place in which to work.

12. At the time and place aforesaid, Defendant possessed a non-delegable duty under the Federal Employers' Liability Act to provide Plaintiff with a reasonably safe place in which to work.

13. At the time and place aforesaid, Defendant possessed a duty to comply with the requirements of the Federal Safety Appliance Act, 49 U.S.C. Sec. 20302, *et seq.*

14. At the time and place aforesaid, Defendant possessed a duty to comply with the requirements of the Code of Federal Regulations, 49 C.F.R. Part 215, *et seq*.

15. At the time and place aforesaid, Defendant CSXT, by and through its conduct or the conduct of its duly authorized agents, was negligent in the following particulars which caused, in whole or in part, injuries to Plaintiff DANIEL HANNIGAN:

    a. In failing to provide Plaintiff with a reasonably safe place in which to work;

    b. In providing Plaintiff with a defective handbrake on his train;

    c. In providing Plaintiff with a handbrake that failed to function, when operated with due care, in the normal, natural, and usual manner.

  d. In failing to fix the handbrake when first reported by Plaintiff on the date of the incident in North Baltimore, Ohio;

  e. In failing to send a qualified employee to inspect the handbrake when first reported by Plaintiff on the date of the incident in North Baltimore, Ohio;

  f. In allowing a railcar to exist on in line with a handbrake that failed to comply with the requirements of 49 U.S.C. Sec. 20302(a)(1)(B); and

  g. In allowing a handbrake to exist on its line that failed to comply with the requirements of 49 C.F.R. Part 215, *et seq.*

  h. In failing to warn Plaintiff that the handbrake he advised Defendant was not functioning properly was not properly fixed in North Baltimore, Ohio by a car department employee.

16. Plaintiff DANIEL HANNIGAN sustained personal injuries, disability, pain and suffering, loss of a normal life, medical expense, wage losses and other recoverable damages supported by the evidence and permitted by law resulting, in whole or in part, from the negligent and unlawful acts and omissions of Defendant, CSX TRANSPORTATION, INC.

WHEREFORE, Plaintiff, DANIEL HANNIGAN, prays for judgment of damages against Defendant CSX TRANSPORTATION, INC. in a dollar amount sufficient to satisfy the jurisdictional limitations of this Court, plus whatever amount the Court and the jury deem proper as compensatory damages, plus the costs of this lawsuit.

          Respectfully submitted,

    By: /s/ Robert E. Harrington, III
      Robert E. Harrington, III (#0096206)
      DUNN HARRINGTON LLC
      22 W. Washington St., Suite 1500
      Chicago, Illinois 60602
      Ph: (312) 548-7221
      Fx: (312) 548-7223
      E-mail: reh@dunnharrington.com

      *Attorneys for Plaintiff DANIEL HANNIGAN*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION – TOLEDO

| | | |
|---|---|---|
| DANIEL HANNIGAN, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | TRIAL BY JURY |
| v. | ) | DEMANDED |
| | ) | |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| a corporation. | ) | |

## **JURY DEMAND**

The Plaintiff, DANIEL HANNIGAN, by and through his attorneys, DUNN HARRINGTON LLC, hereby demands trial by jury.

Respectfully submitted,

By: /s/ Robert E. Harrington, III
Robert E. Harrington, III (#0096206)
DUNN HARRINGTON LLC
22 W. Washington St., Suite 1500
Chicago, Illinois 60602
Ph: (312) 548-7221
Fx: (312) 548-7223
E-mail: reh@dunnharrington.com

*Attorneys for Plaintiff DANIEL HANNIGAN*